**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

CAROL DUDEK,

<u>**MOTION FOR RELIEF**</u>
<u>**PURSUANT TO F.R.C.P. 72**</u>

                               Plaintiff,

<u>**04 CV 10178 (KMK) (JCF)**</u>

         -against-

THE CITY OF NEW YORK, a municipal entity, NEW
YORK CITY POLICE SEARGENT FECKLER,
individually and in his official capacity, NEW YORK
CITY POLICE OFFICER QUIMBY, individually and in
her official capacity, NEW YORK CITY POLICE
OFFICERS "JOHN DOES" AND "SALLY ROWES",
individually and in their official capacities, JOSEPH
ESPOSITO, individually and in his official capacity as
Chief of the New York City Police Department,
RAYMOND KELLY, individually and in his official
capacity as New York City Police Commissioner, JOHN J.
COLGAN, individually and in his official capacity as
Deputy Chief and Commanding Officer at the Pier #57
detention facility, THOMAS GRAHAM, individually and
in his official capacity as Commanding Officer of the New
York City Police Department Disorders Control Unit,
BRUCE SMOLKA, individually and in his official
capacity as an Assistant Chief in the New York City Police
Department and in Patrol Borough Manhattan South,
TERRENCE MONAHAN, individually and in his official
capacity as an Assistant Chief in the New York City Police
Department, JAMES ESSIG, individually and in his
official capacity as a Deputy Inspector of the New York
City Police Department, GERALD DIECKMANN,
individually and in his official capacity as a Deputy
Inspector of the New York City Police Department, "JOE"
FRANZO, a Lieutenant in the New York City Police
Department, "JOE" Tracey, individually and in his official
capacity as a Captain in the New York City Police
Department, N. PEREZ, Shield #5749, individually an in
his capacity as a New York City Police Officer,

                               Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF PURUSANT TO F.R.C.P. 72

### Procedural History

Plaintiff filed the instant action or about December 12, 2004, alleging violations of her civil rights as a result of her arrest and detention, among approximately 300 others in the Union Square area, on August 31, 2004, while the Republican National Convention was taking place in New York City. Plaintiff alleges that she was falsely arrested, detained for a prolonged period of time, and denied medical treatment. Through three amended complaints, plaintiff has named thirteen individual defendants, including eight New York City Police Department ("NYPD") officers who were at the scene of plaintiff's arrest, and five NYPD officials who were not at the scene of the arrest.

Magistrate Judge James C. Francis, IV held a discovery conference on December 2, 2005 to resolve a discovery dispute between the parties. At its conclusion, he ordered defendants to produce "all CCRB and IAB materials that relate to allegations, substantiated or not, of false arrest, false statement, denial of medical care, or excessive force[1] (or supervisory neglect or malfeasance in connection with such conduct) made within the past ten years against any of the named defendants." Judge Francis also ordered defendants to produce all materials relating to any such allegations made at any time during a named defendant's employment with the NYPD in which the allegation was substantiated. Judge Francis further ordered defendants to produce all NYPD records relating to the arrest of any person at the same location and on the same date as plaintiff's arrest.[2]

---

[1] Plaintiff does not make an excessive force allegation in the instant action.

[2] A copy of Judge Francis's order is attached hereto as Exhibit A.

For the reasons set forth below, defendants respectfully submit that Judge Francis's discovery orders are clearly erroneous, and respectfully request they be reversed.

## STANDARD OF REVIEW

In evaluating a Magistrate Judge's order with respect to a nondispositive pretrial matter, a district court shall, pursuant to Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrate's Act, 28 U.S.C.S. 636(b)(1)(A), modify or reverse any portion of the order found to be clearly erroneous or contrary to law. See Albin v. Cosmetics Plus, N.Y., 97 Civ. 2670 (WK),1999 U.S. Dist. LEXIS 2224, *7 (S.D.N.Y. Mar. 1,1999) (citing Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("[m]atters involving pretrial discovery generally are considered nondispositive of the litigation and are subject to the more lenient "clearly erroneous" standard). A finding is deemed to be clearly erroneous when the reviewing court, although recognizing that there may be evidence to support the order, concludes that a mistake has been made. See Id. (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948) ("[T]he reviewing court on the entire evidence is left with the definite and firm conviction that a mistake had been committed").

As shown below, it is respectfully submitted that Judge Francis's discovery orders are clearly erroneous.

## POINT I

### CCRB/IAB ALLEGATIONS THAT HAVE NOT RESULTED IN DISCIPLINE SHOULD NOT BE DISCOVERABLE.

As set forth in defendants' September 8, 2005 letter to Your Honor in response to plaintiff's letter seeking an order to compel discovery, the disclosure of CCRB and IAB complaints, without being limited to substantiated cases of false arrest and denial of medical

treatment in the last 10 years, and/or substantiated allegations of false statement(s) unlimited in time, is not only immaterial to the subject matter of this lawsuit, but also is not reasonably calculated to lead to the discovery of admissible evidence. (A copy of the September 8, 2005 letter is attached hereto as Exhibit B.)

While the scope of discovery is supposed to be broad, it is limited to what is reasonably calculated to lead to the discovery of *admissible* evidence. Because unsubstantiated allegations made against an officer are inadmissible at trial, defendants respectfully request that the Court reverse Judge Francis's order to produce them.

F.R.E. 404(b) only permits the use of evidence at trial of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Here, because Section 1983 claims are examined by weighing the nature of the alleged intrusion on the individual's Fourth Amendment interests, against the importance of the governmental interest alleged to justify the alleged intrusion, the exceptions to Rule 404(b) do not apply. See Graham v. Connor, 490 U.S. 386 (1989). In other words, because Section 1983 actions are based on an objective analysis of the specific circumstances wherein plaintiff alleges his/her civil rights were violated, an officer's past acts (particularly those that are mere allegations) in likely extremely different circumstances cannot be considered by the jury. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); See also Carter v. District of Columbia, 795 F. 2d 116, 123 (D.C. Cir. 1986).

Disciplinary records will also be inadmissible at trial under Rule 403 of the Federal Rules of Evidence because even relevant evidence "may be excluded if its probative

- 4 -

value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Clearly, the prejudice to defendants of the introduction of past unrelated and unsubstantiated complaints against the officers would outweigh the probative value of those complaints.

The production of the materials ordered by Judge Frances is also a monumental task that is overly burdensome to defendants. As the Court is aware, there are currently 85 separate complaints filed on behalf of more than 400 individuals as a result of arrests made during the Republican National Convention, 8 of which have yet to be served. Because most of the cases are consolidated for discovery purposes, it stands to reason that Judge Francis's order will apply to all of the consolidated cases. The result of this order is that defendants will have to redact and produce CCRB and IAB files, sometimes hundreds of pages long themselves, for each of the hundreds of officers who have been named as defendants in these cases, that relate to <u>any</u> allegations, substantiated or not, of false arrest, false statement, denial of medical care, or excessive force made within the past ten years, or <u>any</u> substantiated allegation as described made throughout a defendants' career as a police officer. Defendants are prejudiced if forced to make such a production because of the time and resources it would take to compile the information, redact the thousands of pages, and produce it to plaintiffs.

The issue of the production of an individual defendant's disciplinary records in a police case, particularly his or her CCRB, CPI and IAB histories, was addressed by Hon. Alvin K. Hellerstein in <u>Atkins v. City of New York</u>, <i>et al.</i>,02 CV 5704 (AKH). In <u>Atkins</u>, Judge Hellerstein denied plaintiff's requests for the production of the individual defendant officer's disciplinary histories in Orders dated, February 20, 2003 and February 27, 2003, respectively. <i>See</i> Exhibit C. Similarly, in a case before the Hon. Denny Chin involving the same issue,

<u>Martinez v. City of New York, et al.</u>, 01 Civ. 7851 (DC), Judge Chin denied plaintiff's request for defendants' disciplinary records after an *in camera* inspection. *See* Exhibit D.

In sum, defendants do not object to the production of materials relating to substantiated uses of false arrest and denial of medical treatment in the last 10 years, and/or substantiated allegations of false statement(s) unlimited in time. However, because the overly broad and overly burdensome request will not provide plaintiff with information that is reasonably calculated to lead to the discovery of admissible evidence, it should be denied, and Judge Francis's order should be reversed with the exception of the items noted above.

## POINT II

### THE PRODUCTION OF NYPD RECORDS OF EVERY INDIVIDUAL ARRESTED AT THE TIME AND LOCATION OF PLAINTIFF'S ARREST IS IRRELEVENT, AND OVERLY BURDENSOME.

As set forth in Judge Francis's December 2, 2005 order, defendants are required to produce, "all records in the possession, custody, or control of the NYPD relating to the arrest of any person at the same location and on the same date as plaintiff's arrest." For the reasons set forth herein, Judge Francis's order is clearly erroneous, and should be reversed.

At the outset, defendants note that while plaintiff requested the arrest materials of her co-arrestees, she did so to seek their identities for the sole purpose of identifying witnesses. In fact, at the December 2, 2005 conference, plaintiff's counsel agreed to speak with other plaintiffs' attorneys in the RNC cases to seek their clients' assistance in this regard. Judge Francis, however, *sua sponte*, ordered the production of the arrest materials not for the requested purpose of identifying witnesses, but for the unasserted theory of plaintiff needing this

information to support her <u>Monell</u> claim against the City, reasoning that the articulated reason on the arrest record for the other individuals' arrests is relevant to plaintiff's <u>Monell</u> claim.[3]

With respect to the wholesale production of the arrest records, such a production is irrelevant, and, overly burdensome to defendants. Accordingly, defendants respectfully request that the Court reverse Judge Francis's order.

The argument that the officer's stated reason for an individuals' arrest as articulated on the arrest record can somehow aid plaintiff in her attempt to prove a <u>Monell</u> claim against the City is without merit. The arrest records are irrelevant to proving a <u>Monell</u> claim in this case because the arrest records do not necessarily contain every reason that an individual was arrested. In <u>Devenpeck v. Alford</u>, 543 U.S. 146 (2004), the Court held that probable cause for an arrest can be based on other reasons than those stated by an officer at the time of arrest. <u>Id</u>. at 594. Accordingly, there could be any number of reasons for each of the over 300 arrests that were made at Union Square on August 31, 2004. The arrest records, therefore, may contain incomplete information and defendants are prejudiced if plaintiff is able to use this irrelevant and potentially incomplete information to support her <u>Monell</u> claim.

The ordered production is also overly burdensome to defendants. As discussed above, because the RNC actions are consolidated for the purposes of discovery, and because all plaintiffs in these cases have brought <u>Monell</u> claims, it is only a matter of time before this office is forced to produce the arrest records for the over 1,800 people who were arrested during the Republican National Convention. The result will be a massive City-wide search in every individual police precinct, where these documents are maintained, for any RNC arrest related

---

[3] Plaintiff's counsel has indicated that while plaintiff pled the <u>Monell</u> claim, her primary interest in the litigation is pursuing the false arrest/imprisonment, denial of medical care, and malicious prosecution claims, and that he would not be pursuing the <u>Monell</u> claim.

document, the redaction of each document so that the City does not violate the privacy provisions of §160.50, and the production of the thousands of pages to every RNC plaintiff. Similar to the production of the CCRB files discussed above, defendants are prejudiced by such a production because of the time and resources necessary to complete such a task.

Accordingly, defendants respectfully request that the Court reverse Judge Francis's order with respect to the production of all arrest records of every individual arrested on or about the same location and time as plaintiff.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court reverse Judge Francis's discovery order dated December 2, 2005, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 15, 2005

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 3-190
New York, New York 10007
(212) 788-0786

By: _____
Jed M. Weiss (JW 5293)
Assistant Corporation Counsel
Special Federal Litigation Division